| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | | JS-6 |

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 22-859-JFW(GJSx)** | Date: April 18, 2022 |
| Title: | Lawrence Jones, et al. -v- FCA US, LLC, et al. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly**<br>**Courtroom Deputy** | **None Present**<br>**Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:**<br>None | **ATTORNEYS PRESENT FOR DEFENDANTS:**<br>None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [filed 3/22/22; Docket No. 20]**

On March 22, 2022, Plaintiffs Lawrence Jones and Patricia Jones (collectively, "Plaintiffs") filed a Motion to Remand ("Motion"). On April 4, 2022, Defendant FCA US LLC ("Defendant") filed its Opposition. On April 11, 2022, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for April 25, 2022 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

On September 10, 2021, Plaintiffs filed a Complaint against Defendant and H.W. Hunter, Inc. Chrysler Dodge Jeep Ram Fiat ("Hunter")[1] in Los Angeles Superior Court, alleging causes of action for: (1) violation of Subdivision (D) of California Civil Code Section 1793.2; (2) violation of Subdivision (B) of California Civil Code Section 1793.2; (3) violation of Subdivision (A)(3) of California Civil Code Section 1793.2; (4) breach of express warranty (California Civil Code §§ 1791.2(a) and 1794); (5) breach of the implied warranty of merchantability (California Civil Code §§ 1791.1, 1794, and 1795.5); (6) fraud; and (7) negligent repair.[2] In the Complaint, Plaintiffs allege that they bought a 2014 Jeep Cherokee (the Subject Vehicle") on approximately June 20, 2014 for personal, family, and household use. Plaintiffs also allege that they had the Subject Vehicle

---

    [1] On January 19, 2022, Plaintiff dismissed Hunter from this action.

    [2] The first, second, third, forth, fifth, and sixth causes of action are alleged against Defendant. The seventh cause of action was alleged against Hunter.

serviced by an authorized service and repair facility on various occasions for a variety of defects, including, among others, defects related to the electrical system, defects related to the transmission, defects related to the engine, defects related to the battery, and defects related to the liftgate.

On February 8, 2022, Defendant removed this action, alleging that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II.     Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.*").

## III.    Discussion

In the Motion, Plaintiffs argue that Defendant has failed to demonstrate that the amount in controversy exceeds $75,000. In its Opposition, Defendant argues that it is apparent from the face of Plaintiff's Complaint that the amount in controversy exceeds $75,000.

### A.     Defendant Has Failed to Demonstrate That The Amount in Controversy Exceeds $75,000.

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). When a complaint does not identify damages with specificity, a defendant seeking to remove the case to federal court must demonstrate that it is "more likely than not" that the amount in controversy will be satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In this case, the Court concludes that Defendant has failed to carry its burden of demonstrating that the amount in controversy exceeds $75,000. In the Complaint, Plaintiffs only state the monetary value of the case once: "Plaintiffs suffered damages in a sum to be proven at trial in an amount that is not less than $25,001.00." Complaint, ¶ 12. Plaintiffs' prayer for relief includes actual damages and "a civil penalty in the amount of two times Plaintiffs' actual damages." *Id.*, at 11:3-4. Based on these allegations, Defendant argues that this case meets the amount in controversy on the face of the Complaint because Plaintiffs have alleged in excess of $75,000 in damages. Defendant's argument is based on its assumption that the $25,001 in damages alleged

represents only actual damages and does not include civil penalties. Defendant then calculates civil penalties at a rate two times the presumed actual damages (2 x $25,001) to arrive at a total damages calculation that is in excess of $75,000 ($25,001 in actual damages + $50,002 in civil penalties). Plaintiffs disagree and argue that the reference to $25,001 encompasses "total damages," which include both actual damages and civil penalties. The Court concludes that the Complaint is ambiguous as to total damages and does not support Defendant's argument that the amount in controversy can be established based on Plaintiffs' allegations that they have suffered damages of at least $25,001. *See Provincial Govt's of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper"); *see also Steeg v. Ford Motor Co.*, 2020 WL 2121508 (N.D. Cal. May 5, 2020) (remanding action where damages were ambiguous and the defendant failed to clarify by a preponderance of evidence that the amount in controversy was satisfied); *Edwards v. Ford Motor Company*, 2016 WL 6583585 (C.D. Cal. Nov. 4, 2016) (holding that remand was warranted where neither the complaint nor the defendants provided "any facts that would allow the Court to determine the amount of actual damages").

Defendant also argues that because Plaintiffs allege in the Complaint that the total sale price of the Subject Vehicle was $36,157.59, it is clear from the face of the Complaint that the amount in controversy is in excess of $75,000. Defendant's argument is based on its assumption that Plaintiffs would be entitled to recover the entire $36,157.59 as actual damages plus civil penalties at a rate of two times the presumed actual damages (2 x $36,157.59) to arrive at total damages of $108,472.77 ($36,157.59 in actual damages + $72,315.18 in civil penalties). However, the Court concludes that Defendant's argument is speculative and unsupported by evidence. First, Defendant has relied on the total sale price of the Subject Vehicle, but many courts have found that the total cash price is a more appropriate measure of actual damages. *See, e.g., Alvarado v. FCA US, LLC*, 2017 WL 2495495 (C.D. Cal. June 8, 2017) (applying "the total cash price paid for the subject vehicle"); *Luna v. FCA US LLC,* 2021 WL 4893567, *7 (N.D. Cal. Oct. 20, 2021) (concluding that "it is more appropriate to use the total cash price listed in the [contract]" when "the Court cannot determine whether Plaintiff has paid all the finance charges that are included in the total sale price of the Vehicle").

Second, Defendant's amount in controversy calculation fails to account for the statutory mileage offset, or the reduction in actual damages to account for Plaintiffs' use of the car before they took it in for repairs.[3] *See* Cal. Civ. Code § 1793.2(d)(2)(C) ("[T]he amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity"). Defendant's failure to reduce actual damages to account for Plaintiffs' use of the car is especially significant in this case because Plaintiffs have driven the Subject Vehicle for nearly eight years and, as a result, "it is possible that Plaintiff[s] drove the car for many miles before [taking] it in for repair." *D'Amico v. Ford Motor Co.*, 2020 WL 2614610, at *2 (C.D. Cal. May 21,

---

[3] Courts calculate the statutory mileage offset, or use offset, by multiplying the price paid for the vehicle "by a fraction having [as] its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle for correction of the problem." *Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (internal citations omitted).

2020) (remanding the action where the defendant failed to take into account the mileage offset in alleging amount in controversy where plaintiff drove the car for three years prior to seeking repairs); *see also Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (remanding the action where the defendants "failed to take into account the mileage offset in alleging that the amount in controversy exceeds the jurisdictional minimum"); *Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (remanding the action, even where the purchase price of the vehicle was high, because the defendant "offered no maintenance record or any other facts to assist the Court in determining what the actual damages might be without resorting to speculation").  In its Opposition, Defendant argues that the Subject Vehicle had an odometer reading of 5,448 miles the first time Plaintiffs brought the Subject Vehicle in for repair, and the resulting statutory mileage offset of only $1,631.44 is not enough to bring the amount in controversy below the $75,000 threshold.  However, Defendant fails to provide any factual or legal basis as to why the statutory mileage offset should be based on the odometer reading the first time Plaintiffs brought the Subject Vehicle in for repair.  As the court in *Guitierrez v. Ford Motor Company*, 2021 WL 4399517 (C.D. Cal. Sept. 27, 2021), recently explained:

> Ford fails to meet its burden to show any of these calculations are appropriate.  As Gutierrez explains, he complains of numerous defects, and he presented the Vehicle for repair of those defects on several occasions.  (Reply 8 (*citing* Compl. ¶ 11).)  Ford does not present evidence indicating why the contract price need not be offset by Gutierrez's use, as required by the SBA, or why the mileage offset should be based on the first visit to remedy an issue of which Gutierrez has not complained.  Perhaps a mileage offset based on the second visit might be appropriate, but Ford does not adduce evidence showing why the mileage offset should be calculated based on that visit instead of Gutierrez's subsequent visits to fix other complained-of defects.  If based on a later visit, the mileage offset would significantly diminish the measure of actual damages.  [Citations omitted]  Ford fails to show by a preponderance of the evidence that no mileage offset, or a mileage offset based on the first or second repair visit, provides the proper measure of actual damages.  At best,
> Ford's calculations of actual damages are speculative and self-serving.

Similarly, in this case, Defendant has failed to demonstrate why the mileage offset should be based on the first time Plaintiffs brought the Subject Vehicle in for repair when Plaintiffs complained that the Subject Vehicle had numerous defects.  As in *Guitierrez*, Defendant has failed to demonstrate that its calculation of actual damages is anything other than speculative and self-serving.

With respect to a civil penalty, Defendant has also failed to carry its burden.  "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages.  *See* Cal. Civ. Code § 1794(c).  However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed."  *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding the action where the defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy); *see also Zawaideh v. BMW of N. Am., LLC*, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) (explaining that a defendant may not "simply assume that because a civil penalty is available, one will be awarded"); *Chavez v. FCA US LLC*, 2020 WL 468909, *2 (C.D. Cal. Jan. 27, 2020) (remanding the action where the defendant did not explain why a penalty applying to willful conduct would be awarded in the case).  Instead, the defendant "must make some effort to justify the assumption."  *Zawaideh v. BMW of North America, LLC*, 2018 WL 1805103, *2 (S.D. Cal. Apr. 17,

2018), *see also Sanchez v. Ford Motor Co.*, 2018 WL 6787354, *1 (C.D. Cal. Dec. 4, 2018) (remanding the action where the civil penalties were "too speculative for inclusion in the amount-in-controversy"). In this case, Defendant has failed to demonstrate by a preponderance of the evidence that a civil penalty would be awarded in this case. Instead, Defendant relies on Plaintiffs' allegation that they are seeking a civil penalty. In addition, even if Defendant could demonstrate that a civil penalty would be awarded in this case, any attempt to determine the amount of the civil penalty would be speculative. *See Edwards v. Ford Motor Company*, 2016 WL 6583585, *4 (C.D. Cal. Nov. 4, 2016) (finding that the defendant's failure to establish the amount of actual damages precluded the Court from determining the amount of a civil penalty). Because Defendant has failed to establish the amount of actual damages, Defendant has also failed to adequately demonstrate the potential civil penalty. *See Eberle v. Jaguar Land Rover North America, LLC*, 2018 WL 4674598, *2 (C.D. Cal. Sept. 26, 2018) (finding that where the amount of actual damages is speculative, the court is unable to determine whether a civil penalty might be imposed).

With respect to attorneys' fees, the Court concludes that Defendant has failed to demonstrate by a preponderance of the evidence what amount of attorneys' fees might be requested or awarded in this case. *Savall v. FCA US, LLC*, 2021 WL 1661051 (S.D. Cal. Apr. 28, 2021) ("Here, FCA provides no estimate as to Plaintiff's attorneys' fees that have accrued or will accrue. Without making some effort to set forth the value of attorneys' fees Plaintiff is expected to incur, or that Plaintiff has incurred, FCA has failed to meet its burden or showing that the amount of attorneys' fees at issue satisfies the amount in controversy. Accordingly, there is doubt as to the amount of possible attorneys fees that could be included in the amount in controversy"). Although attorneys' fees that accrue after the filing of a notice of removal may be included in an estimate of the amount in controversy, the removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and to "make this showing with summary-judgment-type evidence." *Fritsch*, 899 F.3d at 795. Defendant has failed to proffer any evidence of attorneys' fees actually incurred in this action, and Defendant has failed to demonstrate how the facts and circumstances of this action are similar to any other potentially relevant cases where attorneys' fees have been awarded. *See Castillo v. FCA US LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (holding that FCA had failed to meet its burden to demonstrate the value of attorneys' fees)*; see also Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that the defendant failed to establish the amount in controversy when including attorneys' fees without estimating "the amount of time each major task will take," or varying the hourly billing rate for each task); *Schneider v. Ford Motor Company*, 441 F.Supp. 3d 909 (N.D. Cal. 2020) ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same. They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases").

Therefore, the Court concludes that Defendant has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000. Accordingly, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B. Defendant Failed to File a Proposed Statement of Decision.

The Court's Standing Order, filed on February 10, 2022 (Docket No. 7), provides in relevant part: "Within two days of the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with

citations to case law and the record." Standing Order, § 5(f).  The deadline for filing the Reply was April 11, 2022, and, thus, the deadline for filing the Proposed Statement of Decision was April 13, 2022.  See L.R. 7-10.  Defendant failed to timely file and still has not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."  In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion."  Standing Order, § 5(f).  Accordingly, pursuant to Local Rule 7-12 and the Standing Order, Plaintiffs' Motion is granted on the alternative ground that Defendant failed to file a Proposed Statement of Decision.

IV.    **Conclusion**

For all the foregoing reasons, Plaintiff's Motion is **GRANTED,** and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.